*B. & A. Monroe* for plaintiff.

> HOUGHTON, &c.
> *vs*
> COOPER, &c.
>
> prentices to read, is dispensed with by the statute of 1843. Persons of color cannot be bound apprentices by County Court, without summoning the next friend or person with whom such person lives, to appear in Court to show cause against the binding out such person—
>
> —Unless there be a voluntary appearance of such next friend, which the record should show.

---

## Houghton, &c. *vs* Cooper, &c.

ERROR TO THE FAYETTE CIRCUIT.

*Tenants for life. Tenants in remainder. Waste.*

JUDGE BRECK delivered the opinion of the Court.

JOHN HOUGHTON devised a tract of land in the county of Fayette, to his widow, Rachel, during her life, and after her death, to his three children. In 1843, a great deal of the timber and wood growing upon the land, was prostrated by a tempest. A portion of the wood thus blown down, and some of the laps or tops of timber trees being in a state of decay, and not needed for the sup-

> CHANCERY.
>
> *Case 56.*
>
> *Oct. 27.*
>
> The complaint in the bill of waste praying injunction, &c.

HOUGHTON, &c. *vs* COOPER, &c.

port of the farm, were cut into cord wood by the widow, removed from the land and sold. The complainants being the representatives of two of John Houghton's children, and entitled to two-thirds of the estate, in remainder, thereupon exhibited their bill in chancery, enjoining the widow from the further removal or destruction of the wood, and praying compensation for what she had already removed and sold. Besides the widow, Francis Houghton and Reuben Houghton were made defendants. Reuben Houghton was one of the three devisees in remainder, and the complainants alledge that the wood had been removed and sold by his acquiescence.

The answer of Mrs. Houghton, denying waste.

The widow in her answer states the preceding facts, denies the sale of the timber, or the commission of waste; that long before the fallen down wood will be consumed on the farm, a great portion of it will necessarily decay, unless more of it be removed; that the cleaning up of the ground by the removal of the wood to the extent she has gone, so far from being wasteful, is in every respect judicious; that a contrary course would not only be wasteful in regard to the wood, but also in regard to the production of the land as pasture land.

Decree of the Circuit Court perpetuating injunction, &c.

The case was heard upon bill and answer, and the court rendered a decree, perpetuating the injunction and decreeing the defendants to pay the complainants forty dollars and fifty cents on account of damages already committed. To reverse that decree, the defendants have brought the case before this court.

The decree, we think, is clearly erroneous, and must be reversed:

One of several remainder men who merely acquiesces in the commission of waste by the tenant for life, does not thereby become liable for such waste to those entitled jointly in remainder.

1st. In decreeing against the defendant, Reuben Houghton. It is not alledged nor proved that he participated in the removal of the wood, or in the proceeds. It is alledged that he acquiesced in the removal and sale, and the allegation is not denied. He certainly had a right to waive his claim on account of the alledged waste, and this, as he asserts no claim, and has failed to answer the complainant's bill, he may be regarded as doing. The complainants were therefore entitled to no decree against him.

But, 2dly. The decree is for too much, so far as it re- lates to the amount decreed the complainants, for the waste alledged to have been committed, conceding for the present, that they were entitled to a decree for something on that account. Their residuary interest in the land was two-thirds, and to that extent only were they entitled to recover. The value of the wood, estimating it upon the land before it was cut, which was abstracted and sold, amounted only to thirty-five dollars. Two-thirds of this sum, we think, was all the complainants, in any view of the case, manifested their right to recover. And even whether that sum should have been decreed them, should have been made to depend upon their submitting to such terms as, under all the circumstances of the case, the court might deem equitable in regard to the disposition of the residue of the prostrate timber and wood.

It appears that the fallen down trees are upon land used as a woodland pasture, the productive value of which as such, is thereby greatly impaired. The trees, if permitted to remain in their present condition, will constitute a serious obstruction to the reasonable enjoyment of the premises by the widow. And the question arises whether it is just and equitable that the reversioner should restrain her from removing it. It may be well questioned whether she ought not to be permitted to do what good husbandry would dictate ought to be done; to remove the incumbrance, to abate in fact the nuisance, and render the land valuable and productive, not only for her own use and enjoyment, but for the use and benefit of the reversioner, when her term shall expire. If the locality of the land were such that the wood was valueless, as is still the case in various sections of the country, it would be absurd to say that the removal or destruction of it, and thereby clearing up the land and rendering it productive, should be denominated waste. It would in fact be an amelioration, and instead of being prejudicial, would enhance the value of the estate in remainder. In that case, the technical doctrine upon the subject of waste, which prevails in England, certainly would not apply. There the timber is every where valuable, and

HOUGHTON, &c.
vs
COOPER, &c.

To remove timber prostrated by a tempest is not waste where the timber is valueless, but an amelioration, in which case the technical doctrine of waste practised in England, cannot apply.

the forest is used and kept for no other purpose. In this country it was formerly, and it is in many parts even now desirable that the timber should be entirely removed or destroyed.

In this case the locality of the land, however, renders the timber and wood valuable. But the land, nevertheless, is used as pasture, and yields a valuable annual product in that way. The act of God in covering it with the prostrate trees, has greatly affected the interest of the widow, in the way she is entitled to its use and enjoyment. The complainants insist that the wood and timber are valuable, and except so far as may be necessary for the support of the farm, that the same belongs to them; and they appeal to the Chancellor to restrain the widow from removing or destroying either timber or wood in any way whatever, although in all probability it will be rendered useless, if not wholly wasted and destroyed by natural decay, long before they can possess and enjoy it.

The defendant, Reuben, makes no objection to the course which his mother has pursued. She states the facts and submits the whole matter to the equitable consideration and disposition of the Chancellor.

Having all the parties in interest thus before him, what under the circumstances, ought the Chancellor to do? Must he say to the widow as the tree falleth so it must lie, and inhibit her from removing it, or any part thereof, although an obstruction to a reasonable enjoyment of her life estate in the premises? We think not. On the contrary, we are of opinion he has the power and ought to rule the parties to such terms as their mutual interests may require. He should refer the matter to a commissioner, to ascertain and report the extent and value of the fallen down timber and wood as it lies; how far it is prejudicial to the land for grazing; the probable excess beyond what may be necessary for the support of the farm; the probable duration of the life estate; and upon being advised in regard to these facts and any others which may be deemed important in reference to the subject, the Chancellor should make such order for the disposition of the timber and wood, and the proceeds thereof, as he may deem equitable. To permit the removal and

sale of the same by the widow, and require a just pro- <span>Scott & Bryan<br>vs<br>Hall, et al.</span> portion of the proceeds to be paid to the complainants, or to provide for vending it upon the land, or to make any other order in regard to it, which, in view of all the facts, may be best calculated to do justice between the parties. The parties should, then be ruled to their election in regard to such order; and in case both parties should elect to abide by it, the Court should retain the cause for the purpose of enforcing it. And in that case the defendants, Rachel and Francis, should be decreed to pay the complainants two-thirds the value of the wood which has already been sold. In the event the defendant, Rachel, should elect to abide by such order but the complainants should not so elect, in that case the complainants bill should be dismissed with costs, but without prejudice to any remedy they may have at law. On the other hand, should the complainants elect to abide by such order and the defendant, Rachel, should fail so to elect, in that case the complainants' injunction should be made perpetual and the defendants, Rachel and Francis, decreed to pay the complainants two-thirds of the thirty-five dollars, the value of the wood sold while lying upon the land. And in case both parties shall elect not to abide by such order, the decree as last indicated, to be rendered against said Rachel and Francis.

Wherefore, the decree is reversed and the cause remanded for further proceedings, consistent with the principles of this opinion.

*Robinson & Johnson* for plaintiffs; *Robertson* for defendants.